294 Ga. 780
FINAL COPY

S14A0241.  YOUNG v. THE STATE.

THOMPSON, Chief Justice.

Appellant Karmbi Young was convicted of malice murder and other related crimes arising out of the shooting death of Rickey Gibson.[1]  He appeals from the denial of his motion for new trial in which he claimed the trial court erred by admitting evidence pertaining to a witness' identification of him shortly after the crimes and the same witness' in-court identification.  Finding no error in the trial court's denial of the motion for new trial, we affirm.

1. Viewed in the light most favorable to the verdict, the evidence shows

---

[1] The crimes occurred on September 4, 2008.  Appellant was indicted by a Columbia County grand jury on December 10, 2008.  A second indictment was filed on August 5, 2009, charging appellant with murder, felony murder, armed robbery, burglary, aggravated assault (two counts), kidnapping, possession of a firearm during the commission of a felony (two counts), giving a false name to a law enforcement officer, and misdemeanor possession of marijuana.  The first indictment was nolle prossed on August 17, 2009.  After a jury trial held on August 18-21, 2009, appellant was found guilty of all charges except giving a false name to a law enforcement officer.  Judgments of conviction were entered and appellant was sentenced on September 11, 2009.  His motion for new trial was filed on September 18, 2009, and amended motions for new trial were filed on November 26, 2012, and March 8, 2013, by new counsel, who replaced trial counsel on April 6, 2010.  Appellant's motion for new trial was denied on April 3, 2013.  A notice of appeal was filed in this Court on April 12, 2013, and amended on April 17, 2013.  The appeal was docketed in this Court for the January 2014 term and submitted for decision on the briefs.

that in the early morning hours of September 4, 2008, appellant and several others went to Gibson's home in two separate cars, a light colored Lincoln and a red or burgundy Camaro, with the intent to rob him. The men used bandanas and in one instance a ski mask to cover their faces, broke out a window, entered the home, and started shooting and demanding money from Gibson and his girlfriend, Alexis Yates. At one point, the intruders put a handgun in the mouth of Gibson's and Yates' three-month-old son, demanding that they give them money. Yates, trying to protect her child, stated the money was at a neighboring house and offered to take the men to it. She exited the trailer with one of the intruders, who held a gun to her head, and shortly thereafter she heard gunshots. The man walking with Yates ran away after hearing the gunshots, allowing her to run to a neighbor's house and call police. When police arrived, they found Gibson unresponsive and lying face down on the floor. Expert testimony revealed that he died from multiple gunshot wounds.

Several witnesses, including Yates, described the two vehicles used by the intruders. Based on these descriptions, police pulled over a red Camaro less than five miles from the crime scene. The car was being driven by one of appellant's co-indictees, and appellant was in the passenger seat in possession

of 1.8 grams of marijuana. In the vehicle, police found a bandana and a blue and yellow glove matching a glove discovered inside Gibson's home. They also found a .380 R&P hollow point bullet, the same type of bullet used by one of the gunmen. Appellant admitted to police that he was in Gibson's yard when the crimes occurred, that he talked to two men in the yard then saw them break a window and go into the home, that one of the men had an SKS rifle, and that after he heard gunshots, he and one co-indictee fled in the Camaro. Outside Gibson's home, police discovered a watch that had been taken from him, and near the scene of the shooting, they found an SKS rifle, which, it was determined upon comparison of the shells, was the same rifle used in the crimes. Following other leads, police that same morning arrested several other individuals believed to have been present during the crimes.

Yates was taken to the police department where she was asked if she could identify the individuals involved. She at that time knew from a friend that a vehicle had been stopped, and she had been told by police in an unrelated statement that they were bringing some gentlemen in that they wanted her to look at. Yates viewed four individuals separately, and she identified appellant and two other individuals as having been involved in the crimes. She

3

specifically identified appellant as one of the individuals inside the home who had a handgun during the robbery.

Construed in the proper light, we find this evidence was sufficient to enable a rational trier of fact to find appellant guilty beyond a reasonable doubt of the crimes for which he was convicted. Jackson v. Virginia, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979).

2. In his sole enumeration of error, appellant contends the trial court erred by admitting into evidence Yates' identification of him at the police showup and by allowing her to identify him at trial. He asserts that the showup was impermissibly suggestive because police told Yates the men were linked to a vehicle like the one she had described and that her in-court identification was tainted by the impermissible showup. See Butler v. State, 290 Ga. 412 (3) (721 SE2d 876) (2012).

Our review of the record demonstrates that although appellant filed a timely motion to suppress evidence pertaining to Yates' identification and a hearing was held on this and other pretrial motions filed, the record and trial transcript contain neither a ruling on the motion to suppress nor an objection to Yates' testimony on this subject at trial. "In the absence of a ruling on the

pretrial motion and of an objection when the evidence was offered at trial, appellant waived his right to contest the admissibility of the evidence on appeal. [Cits.]" Castillo v. State, 281 Ga. 579, 581 (642 SE2d 8) (2007). Accordingly, the trial court properly denied appellant's motion for new trial on this asserted ground.

Judgment affirmed. All the Justices concur.

Decided March 10, 2014.

Murder. Columbia Superior Court. Before Judge Blanchard.

Edgar A. Callaway, Jr., for appellant.

Ashley Wright, District Attorney, Madonna M. Little, Titus T. Nichols, Assistant District Attorneys, Samuel S. Olens, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Ryan A. Kolb, Assistant Attorney General, for appellee.