**FIRST DIVISION**
**PHIPPS, C. J.,**
**DOYLE, P. J, and BOGGS, J.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**June 10, 2015**

# In the Court of Appeals of Georgia

A15A0242. FROST v. THE STATE.                              DO-010 C

DOYLE, Presiding Judge.

Jeffrey James Frost was convicted of possessing cocaine,[1] possessing less than one ounce of marijuana,[2] and obstruction of a law enforcement officer.[3] He appeals, arguing that the trial court erred by denying his motion to suppress. Because Frost waived his right to contest the admissibility of the evidence, we affirm.

Frost was arrested and charged with possessing cocaine, possessing marijuana, and obstructing a law enforcement officer. Thereafter, Frost filed a motion to suppress the drugs found on him during a search incident to his arrest for obstruction.

---

[1] OCGA § 16-13-30 (b).

[2] OCGA § 16-13-30 (j); OCGA § 16-13-2 (b).

[3] OCGA § 16-10-24 (a).

The trial court conducted a hearing, and at the conclusion of the evidence and argument, took a brief recess to read case law submitted by the parties. The judge then returned to the courtroom and advised the parties that he wanted to conduct additional research, and he released the parties and the jurors[4] until the following morning, explaining that he would contact the lawyers with a ruling later that afternoon.

The following day, the trial court asked for an announcement from the parties, stating that the "case [had been] suspended after there was a change in position by . . . Frost." Defense counsel advised that "Frost wishes to proceed with a stipulated bench trial as to the facts. He will also stipulate to the disposition recommended by the prosecution." After hearing a brief synopsis of the evidence, including the results of testing of the drugs by the police and the Georgia Bureau of Investigation, defense counsel responded, "That's correct, Judge." At no point did the parties or the trial court refer to a ruling on Frost's motion to suppress, and the record does not contain an order ruling on the motion.

---

[4] It is not clear from the record whether or not the trial court was referring to a jury specifically selected for this case.

2

The trial court found Frost guilty of the charged offenses based upon the stipulated facts, and then sentenced Frost to three years in prison followed by two years on probation. At the same hearing, the trial court accepted Frost's guilty plea on two probation revocations based on the charges in the instant case and sentenced him to serve three years, concurrent with the sentence in this case.

Frost filed a notice of appeal from his judgment of conviction, asking the clerk of court to omit nothing from the record. In a single enumeration on appeal, Frost argues that "[t]he trial court erred [by] denying [his] motion to suppress." He has, however, waived this argument.

Although the record on appeal contains the timely filed motion to suppress as well as the transcript of the hearing on the motion, the record contains neither a ruling on the motion nor an objection to admission of the evidence during the stipulated bench trial. "In the absence of a ruling on the pretrial motion and of an objection when the evidence was offered at trial, [Frost] waived his right to contest the admissibility of the evidence on appeal."[5]

*Judgment affirmed. Phipps, C. J., and Boggs, J., concur.*

---

[5] (Punctuation omitted.) *Young v. State*, 294 Ga. 780, 782 (2) (755 SE2d 800) (2014), quoting *Castillo v. State*, 281 Ga. 579, 581 (2) (642 SE2d 8) (2007).